IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MATTHEW BRUCE ALLEN                                                    PLAINTIFF

v.                           CIVIL NO. 23-cv-5059

MARTIN J. O'MALLEY,[1] Commissioner                                    DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Matthew Bruce Allen, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for SSI on February 1, 2021. (Tr. 23). In his application, Plaintiff alleged disability beginning on September 1, 2012, due to anxiety, bipolar, arthritis, hepatitis C, leaking heart valves, and liver failure. (Tr. 22, 244). An administrative hearing was held via video on June 20, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 43–71). A vocational expert ("VE") also testified. *Id*. At the hearing, Plaintiff amended his alleged onset date to February 1, 2021. (Tr. 23).

---

[1] Martin J. O'Malley has been appointed to serve as the Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

On July 8, 2022, the ALJ issued an unfavorable decision. (Tr. 20–42). The ALJ found that Plaintiff had the following severe impairments: spondylosis of the lumbar spine, osteoarthritis, depression, and anxiety. (Tr. 26). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 26–28). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 416.967(c) except that Plaintiff would be limited to jobs involving simple tasks with no detailed or complex instructions and only incidental contact with the public. (Tr. 28–34). With the assistance of the VE, the ALJ found Plaintiff would be unable to perform any past relevant work but would be able to perform the representative occupations of kitchen helper, day worker, coffee maker, or hand packer. (Tr. 34–35). The ALJ found Plaintiff was not disabled from February 1, 2021, through July 8, 2022, the date of this decision. (Tr. 35–36).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises one point on appeal: whether the ALJ erred in finding Plaintiff retained the RFC to perform medium work (ECF No. 13). Defendant argues that the ALJ adequately developed the record, and that substantial evidence supported his determination. (ECF No. 14). Defendant argues that the ALJ's opinion need not always be supported by opinion evidence, as an RFC determination is not a medical opinion but rather an administrative assessment.

RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Guilliams v. Barhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

3

In this case, the nonexamining physicians opined that there was insufficient medical evidence to provide an opinion as to Plaintiff's residual functional capacity. (Tr. 81, 82, 89, 90). While the ALJ states that, based upon additional evidence submitted at the hearing level, there was sufficient evidence to rate the claim, the ALJ does not elaborate on what new evidence provided a sufficient basis to make an RFC finding. (Tr. 33).

Plaintiff testified that, during the relevant time period, he had been employed as a dishwasher for only 12-18 hours a week but had been let go due to needing excessive breaks, being unable to lift crates of dishes out of the dishwasher and being unable to keep up with pace and work standards related to limitations with his back, hips, and hands. (Tr. 54, 59–60). The VE categorized this job as medium work, meaning that Plaintiff had been let go from medium work during the relevant time period due to physical limitations. Nevertheless, the ALJ found Plaintiff could perform medium work without additional physical restrictions.

The ALJ did not explore or resolve the conflict between Plaintiff's inability to perform a medium exertional level job on even a part time basis during the relevant time period, and his own finding that Plaintiff retained the residual functional capacity to perform medium work albeit with additional mental and social limitations. Despite this apparent conflict, the ALJ did not order a consultative examination or send interrogatories to a medical expert. The ALJ's failure to support his RFC assessment with medical evidence that addressed Plaintiff's ability to function in the workplace was reversible error. *See Noerper v. Saul*, 964 F.3d 738 (8th Cir. 2020)

### IV.   Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

    IT IS SO ORDERED this 25th day of March 2024.

                                              /s/ *Christy Comstock*
                                              HON. CHRISTY COMSTOCK
                                              UNITED STATES MAGISTRATE JUDGE